IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL JOHN MAJOR-DAVIS, TDCJ #1221760, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2373 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | |
| Respondent.[1] | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Samuel John Major-Davis, also known as Samuel John Major Davis ("Davis"), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Davis has filed his Title 28 United States Code, Section 2241 for a Writ of Habeas Corpus By a Person in State of Texas Custody ("Petition") (Docket Entry No. 1) to challenge a state court conviction and the calculation of his projected release date for purposes of supervised release.

---

[1]The petition lists Pack Unit Warden R. Herrer as the respondent. Because the petitioner is incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division, Director William Stephens is substituted as the proper respondent pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

Alleging that his underlying state court sentence was assessed in error, Davis has also filed a Motion to Expedite a Hearing (Docket Entry No. 2). That motion will be denied, and the Petition will be dismissed for the reasons explained below.

## I. Background

A jury in the 372nd District Court of Tarrant County, Texas, found Davis guilty of inducing sexual performance by a child in cause number 0910132. The same jury sentenced Davis to serve a 30-year term of imprisonment in 2004. The conviction was affirmed on direct appeal in an unpublished opinion. See Davis v. State, No. 2-04-138-CR, 2005 WL 503635 (Tex. App. — Fort Worth March 3, 2005, pet. ref'd).

Davis now seeks relief from his conviction and sentence under 28 U.S.C. § 2241. Because Davis challenges a state court judgment and seeks his immediate release from confinement, the petition is governed by 28 U.S.C. § 2254.[2]

---

[2]Courts have recognized that while 28 U.S.C. § 2241 authorizes habeas corpus review of unlawful confinement in general, 28 U.S.C. § 2254 specifically authorizes review of state court convictions. See Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (distinguishing the jurisdiction afforded by § 2241 and § 2254); see also Prieser v. Rodriguez, 93 S. Ct. 1827 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction). Thus, a state prisoner may not use § 2241 to circumvent procedural hurdles to review under § 2254. See, e.g., White v. Lambert, 370 F.3d 1002, 1008 (9th Cir. 2004) (observing that "[28 U.S.C.] § 2254 is properly seen as a limitation on the general grant of habeas authority in § 2241," which "remains (continued...)

In his pending habeas corpus Petition, Davis argues that the 30-year prison sentence that he received in Tarrant County case number 0910132 was improperly enhanced with one of his prior convictions and exceeds the statutory maximum. (Docket Entry No. 1, pp. 1-5) Reasoning that he could have been sentenced to no more than 20 years for the charged offense, Davis contends that prison officials have incorrectly calculated his projected release date for purposes of supervised release or mandatory supervision. (Id. at 3-4.) Davis discloses that he suffers from bipolar disorder as well as other medical conditions and that he is disabled as a result. (Id. at 6-9, 22-26.) Davis discloses further that he is a Canadian citizen and that immigration officials have entered an order for his removal that will take effect as soon as he is released, although Davis doubts that Canada will accept him due to an ongoing international investigation. (Id. at 16.) Davis asks this court to reduce his sentence to 20

---

[2](...continued)
available for state prisoners who are not in custody pursuant to a state court judgment"); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (recognizing that, while all habeas corpus applications are governed by § 2241, prisoners attacking a state court judgment are subject to specific restrictions found in § 2254); Greene v. Tennessee Dep't of Corrections, 265 F.3d 369, 371 (6th Cir. 2001) (commenting that "[the statutory scheme established by the AEDPA] makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254") (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)).

years and immediately release him to mandatory supervision. (Docket Entry No. 1-1, p. 1)

## II. Discussion

### A. Second or Successive Applications

Davis primarily seeks relief from his underlying conviction and sentence in Tarrant County cause number 0910132.[3] However, this is not the first habeas corpus petition that Davis has filed to challenge the conviction and sentence that he received in that case. Court records confirm that Davis filed a habeas corpus petition in the United States District Court for the Northern District of Texas, Fort Worth Division, in 2007, which the district court dismissed with prejudice on May 8, 2008. See Davis v. Quarterman, No. 4:07-cv-203 (N.D. Tex.) (dismissing the petition as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)). That decision was affirmed by the Fifth Circuit. See Davis v. Quarterman, 342 F. App'x 952 (5th Cir. Aug. 27, 2009) (per curiam). Thereafter, the United States Supreme Court denied Davis's petition for a writ of certiorari. See Davis v. Thaler, 130 S. Ct. 1152 (2010).

---

[3] A petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. See 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 962 (5th Cir. 2000). Davis indicates that he is presently incarcerated at the Pack Unit in Navasota, which is located within the Southern District of Texas. Therefore, this court may properly consider the Petition.

-4-

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999). Before a second or successive petition permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Davis's claim concerning the validity of his 30-year sentence could have been presented previously in the habeas corpus proceeding that Davis filed in 2007. Thus, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Davis is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d at 235). Davis has not presented the requisite authorization to raise a successive challenge to the conviction entered against him in Tarrant County cause number 0910132. Absent such authorization, this court lacks jurisdiction to consider a successive petition. Id. at 775. Accordingly, to the extent that Davis challenges his conviction in cause number 0910132, the petition must be dismissed as an unauthorized successive petition.

B.   **Exhaustion of State Remedies**

In addition to challenging the validity of his Tarrant County conviction, Davis also appears to challenge a decision to deny him early release from prison on mandatory supervision. In particular, Davis contends that he was entitled to be released on mandatory supervision in April of 2015.

Davis does not allege or show that he has challenged the decision to deny him release on mandatory supervision in state court. Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

In Texas exhaustion may take the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See TEX. CODE CRIM. PROC. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

State court records reflect that Davis has filed several habeas corpus applications under Article 11.07 of the Texas Code of

Criminal Procedure, but that no such applications were filed within the last year. See Texas Court of Criminal Appeals website at http://www.search.txcourts.gov (last visited August 26, 2015). To the extent that Davis claims that he was denied release on mandatory supervision in April of 2015, the Texas Court of Criminal Appeals has not yet had an opportunity to address this claim. Because this state process remains available, Davis does not satisfy any statutory exception to the exhaustion doctrine. Because Davis has not yet exhausted available state court remedies, the claim concerning his eligibility for release on mandatory supervision will also be dismissed without prejudice.

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. See 28 U.S.C. § 2253(c)(1).  A certificate of appealability is required before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Based on the foregoing, the court concludes that jurists of reason would not debate whether the petition qualifies as a "second or successive" application that was filed without the requisite authorization. Likewise, jurists of reason would not debate whether Davis failed

to exhaust available state court remedies with respect to his eligibility for early release on mandatory supervision. Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Samuel John Major Davis, Jr.'s Title 28 United States Code, Section 2241 for a Writ of Habeas Corpus By a Prisoner in State of Texas Custody (Docket Entry No. 1) is **DENIED**.

2. Davis's Motion to Expedite a Hearing (Docket Entry No. 2) is **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 28th day of August, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE